IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VANMARK STRICKLAND,

Plaintiff,

v.

AT&T WEST DISABILITY BENEFITS PROGRAM,

Defendant.

No. C 17-01393 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this action for disability benefits, defendant insurer moves to dismiss plaintiff's complaint. The motion is **GRANTED**.

## STATEMENT

Plaintiff Vanmark Strickland brought this action against defendant AT&T West Disability Benefits Program (the "Plan") to "seek[] review of a failure to extend benefits under a disability plan which may be covered by ERISA" (Dkt. No. 1 ¶ 1). Plaintiff refuses, however, to limit his complaint to the Employee Retirement Income Security Act of 1974. He asserts three state law claims for breach of contract, intentional infliction of emotional distress, and bad faith in addition to a claim for benefits under ERISA. In his opposition to the instant motion, plaintiff agrees that ERISA preempts his state law claims if it governs the Plan (Dkt. No. 21 at 1). He insists, however, that whether ERISA applies cannot be ascertained at this time.

The first paragraph of the complaint states, "if the plan would otherwise be subject to ERISA, it is exempt as a payroll practice because there is no trust is not entirely clear at this time, and it is possible that once the plan documents have been produced that the program will, in part, prove to be exempt from ERISA under the payroll practice exception" (Dkt. No. 1 ¶ 1 (all errors in original)). Plaintiff's opposition brief adds that "[d]efendant has produced about 2000 pages which purport to be plan documents [but] many of these are summaries unaccompanied by complete documents," and contends that "[b]ecause none of the plan documents are now before the Court, it is impossible to tell whether the plan is subject to ERISA, or whether it falls within the 'payroll exemption'" (Dkt. No. 21 at 1). Despite having in his possession approximately two thousand pages of documents that would ostensibly shed light on the question of whether or not ERISA governs the plan in question, plaintiff did not append *any* documents to either the complaint or the opposition brief, leaving it up to the following well-pled allegations in the complaint to state his four claims for relief (*see* Dkt. No. 1).

On June 3, 2013, while employed by non-party AT&T Inc., plaintiff "became disabled." At the time, he participated in the Plan, which "provide[d] for payment in the event of disability" (*id.* ¶¶ 2–3). The Plan initially paid plaintiff disability benefits but terminated those benefits effective May 1, 2016, allegedly claiming (*id.* ¶ 4 (all errors in original)):

> In order to review your claim for ongoing disability benefits, a bi-annual review of your medical information is needed. On December 22, 2015, we mailed you a questionnaire, a release of information form, and a request for updated medical information which was due by February 15, 2016. A second request was mailed to you January 25, 2016 warning you of the termination of your [long-term disability] benefits if the requested information was not received by February 15, 2016. As a courtesy, a third request was mailed to you on March 22, 2016 and asked that the requested information be provided as soon as possible.
>
> The determination to deny benefits is based on the fact that as of the date oft his letter, we have not received any medical documentation to establish your continued inability to perform active service with a Program Employer as a result of sickness or injury.

The Plan received plaintiff's appeal from this determination on May 25, 2016, and denied it on July 1, 2016, based on "the failure of the plan to receive medical records from the treating physician. The plan had told [plaintiff] that it was obtaining the records but failed to

obtain them" (*id.* ¶ 5). "Following the denial of the appeal, [plaintiff] retained counsel who submitted the missing medical records to the plan. However, the plan did not respond to this submission" (*id.* ¶ 6).

The complaint "alleges in the alternative that the plan is not subject to ERISA because it is a payroll practice and is not funded by any trust or insurance" (*id.* ¶ 9). The complaint is silent on what alternative funding the Plan might have. The second claim for breach of contract rests on defendant's decision to terminate plaintiff's benefits, as described above (*see id.* ¶¶ 10–12). The third claim for intentional infliction of emotional distress adds (*id.* ¶¶ 14–17):

> 14. The acts of defendant in terminating payment of benefits was intentional and outrageous as defendant knew that it had undertaken to procure the record from the treating physician and failed to notify [plaintiff] that it had not procured the record and was relying upon him to do so. Further, defendant failed to act reasonably in obtaining the record in that it failed to comply with the reasonable request of the treating physician to request the record properly.
>
> 15. Defendant conducts its disability claims function in an arbitrary and capricious fashion, and has been held to so act by this Court.
>
> 16. [Plaintiff] suffered extreme financial and emotional distress as the reasonable and expected consequence of the acts of defendant, so as to justify an award of general damages according to proof or in the amount of $250,000.
>
> 17. The acts of defendant were malicious, fraudulent and oppressive so as to justify the imposition of punitive damages according to proof or in the sum of $250,000.

The fourth claim for bad faith echoes, "The acts of defendant were in bad faith, and as a result thereof, [plaintiff] is entitled to general damages for the emotional and financial distress caused by defendant, in the sum of $250,000 or according to proof" (*id.* ¶ 19).

Defendant moves to dismiss the complaint (Dkt. No. 16-1). This order follows full briefing and oral argument.

**ANALYSIS**

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when it pleads factual content that allows a court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court ruling on a motion to dismiss must accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008). Conclusory allegations or "formulaic recitation of the elements" of a claim, however, are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 681.

Here, the complaint fails to plead sufficient factual allegations to support a claim for relief under any theory. Plaintiff's six-page opposition to the instant motion primarily argues that he is entitled to assert alternative state law claims for relief and makes virtually no attempt to defend the sufficiency of his factual allegations. In one paragraph titled "Merits of the Claim," plaintiff's opposition adds a few sparse details about how exactly defendant "failed to obtain" medical records for his claim, but none of those added details actually appear in the complaint (*compare* Dkt. No. 21 at 6 *with* Dkt. No. 1 ¶¶ 4–5).

Under Section 1132(a)(1)(B) of Title 29 of the United States Code, a participant or beneficiary of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Here, the complaint contains no factual allegations supporting any plausible inference that plaintiff is owed any benefits, or has any rights to enforce or clarify, under the terms of the Plan. The complaint does not even mention what the relevant terms of the Plan might be, much less show that defendant is liable for any misconduct. In short, the complaint fails to state a claim for benefits under ERISA. For the same reasons, the complaint also fails to state a claim for breach of contract.

Under California law, the elements of a claim for intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. . . . A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a

4

civilized community.'" *E.g.*, *Lawler v. Montblanc North America, LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035 (2009)). Here, the complaint contains no factual allegations supporting any plausible inference that defendant's conduct satisfied the foregoing elements. *See Iqbal*, 556 U.S. at 681 (conclusory allegations or "formulaic recitation of the elements" of a claim are not entitled to the presumption of truth).

Under California law, a plaintiff asserting a bad faith claim in the insurance context must show "(1) benefits due under the policy were withheld, and (2) the reason for withholding benefits was unreasonable or without proper cause. . . . The key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable." *E.g.*, *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001) (citing *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136 (1990)). Again, the complaint here contains no factual allegations supporting any plausible inference that defendant withheld "benefits due" under the Plan, or that its termination of plaintiff's long-term disability benefits was "unreasonable or without proper cause."

In short, the complaint fails to state a claim for benefits under ERISA and also fails to state a claim for breach of contract, intentional infliction of emotional distress, or bad faith under California law. It must therefore be dismissed.

**CONCLUSION**

To the foregoing extent, defendant's motion to dismiss is **GRANTED**. Plaintiff may move for leave to file an amended complaint by **SEPTEMBER 1 AT NOON**. Any such motion should include as an exhibit a redlined version of the proposed amended complaint that clearly identifies all changes from the initial complaint. In the proposed amended complaint, plaintiff should be sure to plead his best case.

**IT IS SO ORDERED.**

Dated: August 24, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5