IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VANMARK STRICKLAND,

    Plaintiff,

  v.

AT&T WEST DISABILITY BENEFITS PROGRAM,

    Defendant.

No. C 17-01393 WHA

**ORDER RE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

## INTRODUCTION

In this action for disability benefits, plaintiff moves for leave to file an amended complaint after a prior order granted defendant's motion to dismiss his original complaint. The motion is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

In his original complaint against defendant AT&T West Disability Benefits Program, plaintiff and former AT&T Inc. employee Vanmark Strickland asserted a claim for benefits under the Employee Retirement Income Security Act of 1974 plus three state law claims for breach of contract, intentional infliction of emotional distress, and bad faith, claiming he could not ascertain at the time if ERISA actually governed the "plan" in question (*see* Dkt. No. 1). A prior order granted defendant's motion to dismiss the original complaint because it "fail[ed] to plead sufficient factual allegations to support a claim for relief under any theory." That order

allowed plaintiff to move for leave to file an amended complaint but cautioned that he "should be sure to plead his best case" (Dkt. No. 24 at 4–5).

Plaintiff then filed the instant motion. The proposed amended complaint adds AT&T Umbrella Plan No. 3 — of which AT&T West Disability Benefits Program is one component program — as a named defendant and refers to both named defendants collectively as the "plan" (Dkt. No. 25-1 ¶ 3). Like the original complaint, the proposed amended complaint vaguely contends plaintiff cannot discern at this time whether or not ERISA governs the plan. It adds, however, the allegation that "AT&T takes payroll withholding from disability benefit checks under this plan," suggesting defendants are exempt from ERISA (*see id.* ¶¶ 1, 4–6). The proposed amended complaint also adds details about plaintiff's alleged disability (*id.* ¶¶ 2, 7).

The proposed amended complaint alleges that plaintiff successfully applied for disability benefits effective June 3, 2013. Pursuant to plan terms, after receiving disability benefits for a year, plaintiff also began receiving a disability pension under the AT&T Pension Plan, which is not named as a defendant in the proposed amended complaint. On April 29, 2016, defendants terminated plaintiff's disability benefits effective May 1, 2016, because they had "not received any medical documentation to establish [his] continued inability to perform active service with a Program Employer as a result of sickness or injury." Upon termination of his disability benefits, the AT&T Pension Plan also terminated plaintiff's disability pension (*id.* ¶¶ 7–8, 11).

On May 10, 2016, after receipt of the termination letter, plaintiff authorized his physician to send his records to defendants. On May 17, 2016, his physician wrote a letter to defendants stating that more paperwork was required from their end. Defendants, however, never informed plaintiff of this, and denied his appeal on July 1, 2016 (*id.* ¶¶ 8–11). Plaintiff then "retained counsel who submitted the missing medical records to the plan," but defendants "did not respond . . . and appear[] not to have considered the records." Although the proposed amended complaint quotes no specific plan provision, it generally alleges that the plan terms "provide that if payments are discontinued due to a failure to comply with the rules of the plan, that payments could be restarted by complying with the rules. The plan failed to apply this rule in these circumstances" (*id.* ¶ 12).

In short, the thrust of plaintiff's ERISA and breach of contract claims seems to be that — according to his proposed amended complaint — defendants were obligated under the plan terms to resume his disability benefits payments upon receiving his medical records (even after denying his appeal). Under his breach of contract claim, plaintiff also alleges that defendants' failure to either inform him of his physician's need for additional paperwork or supply the missing paperwork constituted a breach of contract, although he *still* does not mention any specific plan provision (*id.* ¶ 19). This allegation does not appear under the preceding ERISA claim, although it would ostensibly bear on that claim as well (*see id.* ¶¶ 14–16).[*]

The proposed amended complaint adds no significant *factual* allegations in support of plaintiff's intentional infliction of emotional distress and bad faith claims (*see id.* ¶¶ 21–28). To give just one example, plaintiff's bad faith claim remains unchanged from his original complaint save and except for the numbering of paragraphs, the changing of the singular "defendant" to the plural "defendants" in one instance, and the addition of the adjective "unreasonable" in one place (*see* Dkt. No. 25 at 16).

Defendants oppose plaintiff's motion on the basis that his proposed amended complaint still fails to state a claim for relief and should therefore be rejected as futile (Dkt. No. 28). This order follows full briefing and oral argument.

**ARGUMENT**

1. **LEGAL STANDARD.**

Federal Rule of Civil Procedure 15(a)(2) advises, "The court should freely give leave [to amend] when justice so requires." In assessing a motion for leave to amend, courts consider (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended their complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003). Prejudice to the opposing party is the most important factor. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice or a strong showing of another factor, there is a presumption under Rule 15(a) in favor of

---

[*] Plaintiff's reply brief does mention specific plan provisions with citations to the administrative record (*see* Dkt. No. 31 at 1–3). These plan provisions, however, are not alleged in or appended to the proposed amended complaint.

granting leave to amend. *Ibid.* Futility alone can justify denying leave to amend. *Nunes*, 375 F.3d at 808; *see also Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016).

### 2. PROPOSED AMENDED COMPLAINT.

As to plaintiff's intentional infliction of emotional distress and bad faith claims, the proposed amended complaint, like the original, falls well short of alleging sufficient *factual* content to state a plausible claim for relief. Plaintiff's reply brief makes no attempt to defend the sufficiency of the allegations in question (*see* Dkt. No. 31 at 4). For the reasons stated in the prior order dismissing the original complaint, the proposed amended complaint would similarly be subject to dismissal as to these claims (*see* Dkt. No. 24 at 4–5). Leave to amend as to these claims is therefore **DENIED** as futile.

As to plaintiff's ERISA and breach of contract claims, the factual allegations in the proposed amended complaint, taken as true, adequately support a plausible inference that defendants violated some plan term under which plaintiff would have been owed continuing disability benefits. Defendants' opposition brief essentially argues that plaintiff's factual allegations are inaccurate. As just one example, defendants claim that plaintiff's disability benefits under the AT&T West Disability Benefits Program had actually been terminated back in March 2015, and plaintiff never even appealed from that decision. According to defendants, most of the dates and events alleged in the proposed amended complaint actually pertain to plaintiff's disability pension under the AT&T Pension Plan, which is not even a named defendant. These and other defense arguments about the truth of plaintiff's allegations may have merit but are improper at the pleadings stage. Moreover, naming the wrong defendant is hardly an incurable defect that warrants a finding of futility. If plaintiff persists in litigating based on incorrect factual allegations and against the wrong entities, then defendants will simply have an easy time of it at the summary judgment stage. Leave to amend as to the ERISA claim is therefore **GRANTED**.

As to plaintiff's breach of contract claim, however, all agree that dismissal based on ERISA preemption would be proper but for plaintiff's counsel's continued insistence that some ambiguity as to ERISA's applicability remains. It seems quite clear that ERISA governs the

4

AT&T plan in question and claimant Attorney Laurence Padway is not being candid. Leave to amend as to the breach of contract claim is **DENIED** without prejudice to its revival in the hugely unlikely event that, as this case develops, it turns out that AT&T somehow managed to escape the reach of ERISA.

## CONCLUSION

As stated herein, plaintiff's motion for leave to file an amended complaint is **GRANTED IN PART** and **DENIED IN PART**. By **OCTOBER 26 AT NOON**, plaintiff shall file his amended complaint with only the ERISA claim remaining.

**IT IS SO ORDERED.**

Dated: October 19, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE